UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 20-134** |
| **v.** | * | **SECTION: M (3)** |
| **ELDRIDGE JOHNSON** | * | |

\* \* \*

**UNOPPOSED MOTION TO CONTINUE**
**TRIAL AND SET REARRAIGNMENT HEARING**

**NOW INTO COURT**, comes the United States of America through the undersigned Assistant United States Attorney, who respectfully moves to continue the trial and pretrial conference and to set a rearraignment hearing. Counsel for defendant Eldridge Johnson indicated that this motion is unopposed. A proposed order is included.

Johnson, through his counsel, informed the government that he wishes to plead guilty and has requested a rearraignment hearing at which he will enter a guilty plea to a superseding bill of information that was filed today. Johnson, through his counsel, requested that the rearraignment hearing occur on June 23, 2022, a date which this Court's case manager advised is available on this Court's calendar. Because the rearraignment hearing will be scheduled to occur after the currently-scheduled April 5, 2022 pretrial conference and the currently-scheduled April 25, 2022 trial, the government moves to continue the pretrial conference and trial to dates convenient to this Court that are after June 23, 2022.

The Speedy Trial Act excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). "[A] notice of intent to enter a guilty plea falls under this provision, as a motion requiring a hearing." *United States v. Dignam*, 716 F.3d 915, 925 (5th Cir.

2013). "[A] defendant's notice of his intention to change his plea to guilty obviates the necessity of a criminal trial, turning the Federal Rule of Criminal Procedure 11 hearing into the essential proceeding to be scheduled." *Id*. (quoting *United States v. Mentz*, 840 F.2d 315, 330 (6th Cir.1988)). Therefore, in this case, the time between the filing of this request to set a rearraignment hearing and the rearraignment date is excludable. *Id*. ("The court in this case set the date for rearraignment in direct response to the notice of intent to change a plea, and the intervening delay is excludable under § 3161(h)(1)(D).").

Additionally, the Speedy Trial Act provides that a continuance may be granted if the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The factors that a judge shall consider in determining whether to grant such a continuance include whether denial of the continuance would result in a miscarriage of justice and whether it would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B). Here, the ends of justice served by granting this motion outweigh the best interest of the public and the defendant in a speedy trial. A failure to grant this motion would result in a miscarriage of justice and would deny the parties the reasonable time necessary for effective preparation, because it would force the defendant to proceed to a pretrial conference and/or trial when he wishes to resolve the matter by way of a guilty plea and when the parties' attorneys have been preparing for a guilty plea and not for a trial.

**WHEREFORE**, the United States of America respectfully requests that this Court continue the trial and pretrial conference settings and set a rearraignment hearing.

Respectfully submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY

*/s/ Chandra Menon*
CHANDRA MENON
Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone:  (504) 680-3085

### CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to counsel for defendant.

*/s/ Chandra Menon*
CHANDRA MENON
Assistant United States Attorney