UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 20-134 |
| ELDRIDGE JOHNSON | SECTION M |

### ORDER & REASONS

Before the Court is a motion by defendant Eldridge Johnson for compassionate release.[1] The United States of America (the "Government") responds in opposition.[2] Considering the parties' memoranda, the record, and the applicable law, the Court denies the motion.

**I.  BACKGROUND**

On November 20, 2020, Johnson and several co-defendants were named in an indictment filed in this Court charging them with participating in a conspiracy to defraud the Government.[3] Johnson was charged in count 1 of the indictment, which alleged that he and six of his co-defendants conspired to defraud the Government by interfering with and obstructing the lawful governmental functions of the United States Coast Guard in that they caused to be reported to the Coast Guard false representations that credential applicants had appeared for examinations, passed examinations, achieved certain examination module scores, and fulfilled requirements for endorsements, and should receive certain endorsements and credentials, all in violation of 18 U.S.C. § 371.[4] On March 30, 2022, the Government filed a superseding bill of information charging Johnson, in relation to the scheme, with bribery in violation of 18 U.S.C. § 201(b)(2)(B)

---

[1] R. Doc. 1144.
[2] R. Doc. 1151.
[3] R. Doc. 1.
[4] *Id.* at 2-13.

(count 1) and conspiracy to defraud the United States in violation of 18 U.S.C. § 371 (count 2).[5] Johnson pleaded guilty to counts 1 and 2 of the superseding bill of information on June 23, 2022.[6]

A presentence investigation report ("PSR") was prepared for Johnson's sentencing hearing.[7] The report explained that Johnson, while employed by the Coast Guard as an examination administrator, sold improper assistance to credential applicants, usually consisting of confidential written examination questions and answers, and offered and reported false information to the Coast Guard to aid credential applicants in obtaining unearned endorsements.[8] When interviewed by Government investigators, Johnson falsely denied committing any wrongdoing while employed by the Coast Guard.[9] Johnson, after his retirement from the Coast Guard, acted as an intermediary between credential applicants and another Coast Guard employee who would "fix" the applicants' exam scores in exchange for money.[10] Between 2011 and 2019, Johnson aided in causing the entry of false exam scores for mariner licenses the value of which was conservatively estimated to be over $1,800,000.[11]

The PSR assessed Johnson's adjusted offense level to be 36, and his criminal history category as I, indicating a guideline sentencing range of 188 to 235 months' imprisonment.[12] However, the terms of imprisonment were capped by the statutory maximum sentences for the crimes charged at 180 months as to count 1 (bribery) and 60 months as to count 2 (conspiracy to

---

[5] R. Doc. 1004.
[6] R. Doc. 1050.
[7] R. Doc. 1075.
[8] *Id.* at 11, 14.
[9] *Id.* at 14.
[10] *Id.*
[11] *Id.* at 15-17.
[12] *Id.* at 28.

defraud the United States).[13] The PSR noted that Johnson had seizures, anxiety, high blood pressure, high cholesterol, bilateral knee replacements, a back injury, and pending hernia surgery.[14]

After considering the PSR, the factors outlined in 28 U.S.C. § 3553, and Johnson's multiple medical conditions as outlined in the PSR, the Court imposed a sentence of 72 months' imprisonment as to count 1, and 60 months' imprisonment as to count 2, to run concurrently.[15] This sentence was a downward variance from the otherwise applicable guideline range. Johnson began serving his sentence on January 2, 2023.[16] He is currently housed at a minimum-security satellite camp at Federal Correctional Institute ("FCI"), Thomson, Illinois.[17] His projected release date is November 13, 2027.[18]

## II. PENDING MOTION

Johnson seeks compassionate release under the 18 U.S.C. § 3582, arguing that he has exhausted his administrative remedies with the Bureau of Prisons (the "BOP")[19] and that extraordinary and compelling circumstances – specifically, his medical conditions – justify a sentence reduction.[20] Johnson indicates that he is over 65-years-old and experiencing serious deterioration in his physical and mental health due to the aging process that hinders his ability to care for himself in prison and from which he is not expected to recover.[21] He explains that he experiences grand mal seizures, is depressed, has had knee replacements that limit his mobility,

---

[13] *Id.*
[14] *Id.* at 22-23.
[15] R. Doc. 1104.
[16] R. Doc. 1105.
[17] R. Docs. 1144 at 9; 1151 at 5.
[18] R. Doc. 1144-1 at 3.
[19] The Government does not dispute that Johnson exhausted his administrative remedies. R. Doc. 1151 at 6.
[20] R. Doc. 1144.
[21] *Id.* at 5-6.

3

uses hearing aids, and needs a CPAP machine.[22]  According to Johnson, he is not permitted to use hearing aids or a CPAP machine in the prison.[23]

In opposition, the Government argues that a sentencing reduction is not justified considering Johnson's extensive participation in the conspiracy to defraud the Coast Guard.[24]  The Government points out that Johnson benefited from the discretion the Government exercised in its charging decision, in that the statutory maximum terms of incarceration for the crimes charged drastically reduced the otherwise applicable guideline range.[25]  The Government also argues that Johnson's medical conditions do not amount to "extraordinary and compelling reasons" justifying early release.[26]  The Government maintains that Johnson's medical conditions have not changed since sentencing and that all of his conditions were considered by the Court in fashioning an appropriate sentence, which was a downward variance.[27]  The Government adds that the § 3553 factors do not favor a reduction in sentence considering the magnitude of Johnson's crimes, the sentencing disparities that would result within this case with his early release, and the goal of deterring other would-be criminals.[28]

### III. LAW & ANALYSIS

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582." *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010).  Section 3582(c), as amended by the First Step Act, provides that "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after

---

[22] *Id.*
[23] *Id.*
[24] R. Doc. 1151.
[25] *Id.* at 4.
[26] *Id.* at 6-8.
[27] *Id.* at 9-10.
[28] *Id.* at 9-12.

4

considering the factors of 18 U.S.C. § 3553(a),[29] if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Any reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The policy statement found in U.S.S.G. § 1B1.13 provides that, upon motion of the BOP director or the defendant made pursuant to § 3582(c)(1)(A), "the court may reduce a term of imprisonment … if, after considering the factors set forth in 18 U.S.C. § 3553(a), … the court determines that extraordinary and compelling reasons warrant the reduction; or the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison …." U.S.S.G. § 1B1.13(a)(1). The defendant must also not present a danger to any other person or to the community. *Id.* § 1B1.13(a)(2). The policy statement defines "extraordinary and compelling reasons" that may justify reducing a prison term as certain medical conditions, age, family circumstances, status as a victim of abuse while in custody, "other reasons," or an unusually long sentence under certain circumstances. *Id.* § 1B1.13(b). A medical condition might be sufficiently serious to warrant release when the defendant (1) has a terminal illness; (2) is suffering from a serious physical or medical condition or functional or cognitive impairment or is experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the defendant's ability to provide self-care within the facility and from which he is not expected to recover; (3) has a medical condition requiring long-term or specialized medical care that is not being provided and without which he is at risk of serious deterioration in health or death; or (4) is placed by an outbreak

---

[29] Section 3553(a) provides that, upon consideration of "the nature and circumstances of the offense and the history and characteristics of the defendant," among other things, a "court shall impose a sentence sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(1)-(2).

of infectious disease or a public health emergency at an increased risk (which cannot be adequately mitigated) of severe medical complications or death due to personal health risk factors. *Id.* § 1B1.13(b)(1). Age might justify a sentence reduction when a "defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* § 1B1.13(b)(2). Courts consider the portion of the sentence that the defendant has served in determining if the cited medical conditions are extraordinary and compelling. *United States v. Thompson,* 984 F.3d 431, 434-35 (5th Cir. 2021) ("The courts that granted compassionate release … largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns."); *United States v. Chehab*, 2021 WL 5313619, at *2 (5th Cir. Nov. 15, 2021) (same).

While Johnson certainly suffers from serious medical conditions, they do not qualify as "extraordinary and compelling" so as to justify a sentence reduction. Johnson generally states that he is over 65 and experiencing deteriorating health due to the aging process, and he specifically claims that he experiences grand mal seizures, is depressed, has had knee replacements that limit his mobility, uses hearing aids, and needs a CPAP machine.[30] However, none of these conditions, whether separately or in the aggregate, qualify as "extraordinary and compelling" because they are manageable, and there is no proof that he cannot care for himself. *See Thompson*, 984 F.3d at 433-34 (affirming denial of compassionate release for inmate with hypertension and high cholesterol, noting that "both [conditions] are commonplace" and not "extraordinary," and finding that "it is uncertain that [the defendant] is at a significantly higher risk [of severe COVID-19 symptoms] than is the general population"); *United States v. Sells*, 2022 WL 2573036, at *1 (5th Cir. July 8,

---

[30] R. Doc. 1144 at 5-6.

6

2022) ("While [the defendant] asserts that he is at a heightened risk of severe illness from COVID-19 because he suffers from asthma, diabetes, and hypertension, these conditions, when coupled with the fact that his medical conditions are well managed with medication and monitoring, are not extraordinary and compelling reasons warranting a reduced sentence."); *United States v. Ware*, 2022 WL 3137419, at *1 (5th Cir. Aug. 5, 2022) (affirming denial of compassionate release of inmate who suffered from obesity, type 2 diabetes, renal tubulointerstitial disease, uncontrolled hypertension, and cerebrovascular disease upon finding that the conditions were not extraordinary and compelling even in the COVID-19 era); *United States v. McCrary*, 2023 WL 6644589, at *6 (E.D. La. Oct. 12, 2023) (denying the motion for compassionate release of Johnson's co-defendant because medical conditions, including "type 1 diabetes, high blood pressure, severe arthritis in the back and neck, multiple sclerosis, and PTSD," were not extraordinary and compelling in that they were manageable and there was no proof she could not care for herself); *United States v. Lindquist*, 2020 WL 3513505, at *3 (E.D. Tex. June 26, 2020) (compassionate release denied because the defendant's medical conditions, including obesity, multiple sclerosis, and Vitamin D deficiency, were not terminal and did not substantially diminish the defendant's ability to provide self-care). Moreover, Johnson has served only one year of his 72-month sentence, which amounts to just 16% of the total sentence.

      Even if Johnson's conditions were "extraordinary and compelling," a district court may deny a sentence reduction if the § 3553(a) sentencing factors outweigh any extraordinary and compelling reasons that may be present. *See* 18 U.S.C. § 3582(c)(1)(A). The defendant must prove that the § 3553(a) factors warrant release. *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021). Generally, a court will not grant compassionate release based on medical conditions that were already considered in fashioning a sentence because the § 3553(a) factors in such

7

instances will be substantially the same as they were when the sentence was imposed. *See United States v. Thomas*, 2022 WL 296594, at *2 (3d Cir. Feb. 1, 2022) ("It was within the Court's discretion when weighing the § 3553(a) factors to find that [the defendant's] mental health concerns do not support an early release, especially because it already considered the same concerns when it initially sentenced [him]."). This Court already accounted for Johnson's medical conditions and life expectancy in imposing a sentence of 72 months' incarceration. In his motion, Johnson does not identify any substantial change in his medical conditions since the time of sentencing and these conditions were already known to and considered by the Court in imposing the original sentence. Johnson's release at this juncture would create unwarranted sentencing disparities with similarly situated co-defendants involved in this same conspiracy. Further, any such release would fail to reflect the seriousness of the crime or provide adequate deterrence. Thus, while Johnson may have pleaded guilty to a non-violent offense and is likely not a danger to the community, he participated in a massive fraud on the Coast Guard while in its employ. The Court must hold him accountable for his crimes in equal measure with his co-defendants, some of whom are also of advancing age with health conditions, and particularly as a deterrent to others who may be tempted to commit similar white-collar crimes.

### IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Johnson's motion for compassionate release (R. Doc. 1144) is DENIED.

New Orleans, Louisiana, this 3rd day of January, 2024.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE